■ MOLKA SOKOLOVSKY, Respondent, v MUCIP, INC., et al., Appellants. [821 NYS2d 463]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (F. Rivera, J.), entered October 18, 2004, which, upon the granting of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability made at the close of the evidence, upon a jury verdict on the issue of damages awarding the plaintiff the sums of $150,000 for past pain and suffering and loss of enjoyment of life, $260,000 for future pain and suffering and loss of enjoyment of life, and $35,100 for past lost earnings, and upon a stipulation of the parties reducing the verdict as to future pain and suffering from the sum of $ 260,000 to the sum of $ 258,500, is in favor of the plaintiff and against them in the principal sum of $443,600.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, the plaintiff's motion is denied, and the matter is remitted to the Supreme Court, Kings County, for a new trial on both liability and damages, with costs to abide the event.

The Supreme Court erred in granting the plaintiff's motion for judgment as a matter of law on the issue of liability, and in finding that the injured plaintiff was not at fault in the happening of the accident. "A motion for judgment as a matter of law is appropriate only where the trial court finds that, upon the evidence presented, there is no rational process by which the trier of fact could base a finding in favor of the nonmoving party" (*Rios v Johnson V.B.C.,* 17 AD3d 654, 656 [2005]; *see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]). Here, "the trial court should

have submitted the issue of the injured plaintiff's comparative fault to the jury as 'comparative negligence is a jury question in all but the clearest cases' " (*Rios v Johnson V.B.C., supra* at 656, quoting *O'Neill v Mildac Props.*, 162 AD2d 441, 443 [1990]; *see also Pareja v Brown,* 18 AD3d 636, 637 [2005]; *Marquis v Eisenstein,* 5 AD3d 741, 742 [2004]; *Parrinello v Davis,* 2 AD3d 610, 610 [2003]; *Dragunova v Dondero,* 305 AD2d 449, 450 [2003]; *Ruocco v Mulhall,* 281 AD2d 406, 406-407 [2001]; Vehicle and Traffic Law § 1152 [a]).

We note that a combined retrial on the issues of liability and damages is proper since the nature of the injury has an important bearing on the issue of liability (*see Roman v McNulty,* 99 AD2d 544 [1984]) and the issues of damages and liability are so intertwined here as to be inseparable (*see Wright v New York City Hous. Auth.,* 273 AD2d 378 [2000]; *Kaplan v New Floridian Diner,* 245 AD2d 548 [1997]). Accordingly, in the exercise of our discretion pursuant to CPLR 4404 (a), we grant a new trial on the issue of damages.

We note that the plaintiff was properly permitted to elicit testimony from the defendant Phillip W. Watt that Watt's driver's license was suspended at the time of the accident, which bore on the issue of Watt's credibility. Crane, J.P., Goldstein, Rivera and Lifson, JJ., concur.