■ MARGARET SIMMONS, Plaintiff, v REGINALD F. CANADY, JR., Respondent, and BRYAN A. HALL et al., Appellants. [945 NYS2d 138]—

In an action to recover damages for personal injuries, the defendants Bryan A. Hall and Kenneth P. Conroy appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated May 18, 2011, as granted the cross motion of the defendant Reginald F. Canady, Jr., for summary judgment dismissing the complaint insofar as asserted against him and the cross claim asserted against him.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendant Reginald F. Canady, Jr., which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as the appellants are not aggrieved by that part of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, with costs payable by the defendant Reginald F. Canady, Jr., to the defendants Bryan A. Hall and Kenneth P. Conroy, and that branch of the cross motion of the defendant Reginald F. Canady, Jr., which was for summary judgment dismissing the cross claim asserted against him is denied.

On October 12, 2009, the plaintiff was the front seat passenger in a vehicle driven by the defendant Reginald F. Canady, Jr., traveling westbound on Rockaway Boulevard in Queens. The defendant Bryan A. Hall was driving a tractor-trailer owned by the defendant Kenneth P. Conroy, traveling eastbound on Rockaway Boulevard. At the intersection of Rockaway Boulevard and Farmers Boulevard, a posted traffic sign prohibits eastbound traffic from turning left to go northbound on Farmers Boulevard. It is undisputed that Hall made an unlawful left turn from Rockaway Boulevard onto Farmers Boulevard. The front of

Canady's vehicle came into contact with the right rear of Hall's tractor-trailer, causing injuries to the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries, alleging that all three defendants were negligent in the happening of the accident. In their answer, Hall and Conroy asserted a cross claim against Canady. After issue was joined, but prior to depositions, the plaintiff moved for summary judgment on the issue of liability, in effect, against Hall and Conroy only. Canady cross-moved for summary judgment dismissing the complaint insofar as asserted against him and the cross claim asserted against him. The plaintiff did not oppose Canady's cross motion, but Hall and Conroy did. The Supreme Court granted both the motion and the cross motion, determining that Hall and Conroy were solely liable. Hall and Conroy appeal from so much of the order as granted the cross motion, contending that triable issues exist as to Canady's comparative fault. We reverse the order insofar as reviewed.

The Supreme Court correctly determined that Hall was negligent as a matter of law based upon his violation of Vehicle and Traffic Law §§ 1141, 1110 (a) and § 1160 (d) (see *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]; *Blangiardo v Hirsch*, 29 AD3d 841, 842 [2006]). Canady was entitled to anticipate that Hall would obey the applicable traffic law (see *Vainer v DiSalvo*, 79 AD3d at 1024; *Thompson v Schmitt*, 74 AD3d 789, 789-790 [2010]). However, a driver who lawfully enters an intersection "must exercise reasonable care and could still be found partially at fault . . . if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection" (*Cox v Weil*, 66 AD3d 634, 634-635 [2009]; see *Borukhow v Cuff*, 48 AD3d 726 [2008]), and may be found "negligent if he or she fail[s] to see that which, through the proper use of senses, should have been seen" (*Wilson v Rosedom*, 82 AD3d 970, 970 [2011]). "There can be more than one proximate cause and, thus, the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law" (*Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; see *Gause v Martinez*, 91 AD3d 595, 596 [2012]; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]; *Cox v Nunez*, 23 AD3d 427 [2005]).

Here, in support of his cross motion, Canady failed to submit evidence establishing that he was free from comparative fault. Instead, he relied exclusively on the papers submitted by the plaintiff in support of her motion for summary judgment on the issue of liability, in effect, against Hall and Conroy, which included her affidavit stating merely that Canady's vehicle "was

going straight on Rockaway Boulevard" when "it was suddenly and unexpectedly struck" in front by Hall's tractor-trailer. The plaintiff's affidavit contained no further information with respect to the manner in which Canady was driving or the manner in which he reacted to the tractor-trailer. Accordingly, Canady failed to satisfy his prima facie burden of eliminating a triable issue as to his comparative fault, and that branch of his cross motion which was for summary judgment dismissing the cross claim asserted against him should have been denied regardless of the sufficiency of the papers in opposition (*see Gause v Martinez*, 91 AD3d at 597; *Cali v Mustafa*, 68 AD3d 700 [2009]; *Demant v Rochevet*, 43 AD3d 981 [2007]). Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur. **[Prior Case History: 31 Misc 3d 1237(A), 2011 NY Slip Op 51020(U).]**