■ Loretta Graeber-Nagel, Appellant, v Indranie Naranjan, Respondent. [956 NYS2d 530]—

On May 20, 2008, a vehicle owned and operated by the plaintiff collided with a vehicle owned and operated by the defendant at the intersection of 109th Street and 107th Avenue in Queens. As a result of the collision, the plaintiff commenced this action, inter alia, to recover damages for personal injuries she allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint, alleging that the sole proximate cause of the accident was the plaintiff's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1142 (a). The Supreme Court granted the motion, and the plaintiff appeals.

"There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Kim v Acosta*, 72 AD3d 648 [2010]). A driver can be negligent in failing to see that which, under the circumstances, he or she should have seen (*see Duran v Simon*, 83 AD3d 654 [2011]). A driver who has the right-of-way may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection (*see Virzi v Fraser*, 51 AD3d 784 [2008]; *Rotondi v Rao*, 49 AD3d 520 [2008]; *Mateiasevici v Daccordo*, 34 AD3d 651, 652 [2006]). Indeed, a movant seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault (*see Mackenzie v City of New York*, 81 AD3d 699 [2011]; *Bonilla v Gutierrez*, 81 AD3d 581 [2011]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]). Here, the transcript of the defendant's deposition testimony, which was submitted in support of her motion, reflected two differing accounts by the defendant as to how the collision occurred and what actions she took with respect to her vehicle in order to avoid the collision. Therefore, the defendant failed to establish her prima facie entitlement to

judgment as a matter of law on the issue of comparative fault (*see Vinueza v Tarar*, 100 AD3d 742 [2012]; *Nevarez v S.R.M. Mgt. Corp.*, 58 AD3d 295, 298 [2008]; *Borukhow v Cuff*, 48 AD3d 726 [2008]; *Cox v Nunez*, 23 AD3d at 427; *Romano v 202 Corp.*, 305 AD2d 576 [2003]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551, 552 [2011]; *Post v County of Suffolk*, 80 AD3d 682 [2011]). Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.