LEE JONES, Appellant, v TANYA VIALVA-DUKE, Respondent. [966 NYS2d 187]—

In an action to recover damages for personal injuries and injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated November 9, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On July 8, 2008, a vehicle owned and operated by the plaintiff collided with a vehicle owned and operated by the defendant at the intersection of Pitkin Avenue and Cleveland Street in Brooklyn. As a result of the collision, the plaintiff commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint, alleging that the sole proximate cause of the accident was the plaintiff's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1142 (a). The Supreme Court granted the motion.

"There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Kim v Acosta*, 72 AD3d 648 [2010]). A driver who has the right-of-way may still

be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in an intersection (*see Virzi v Fraser*, 51 AD3d 784 [2008]; *Rotondi v Rao*, 49 AD3d 520 [2008]; *Mateiasevici v Daccordo*, 34 AD3d 651, 652 [2006]). Indeed, a movant seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault (*see Mackenzie v City of New York*, 81 AD3d 699 [2011]; *Bonilla v Gutierrez*, 81 AD3d 581 [2011]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]). Here, the transcripts of the deposition testimony of the plaintiff and the defendant, which were submitted in support of the defendant's motion, raised a triable issue of fact as to what actions the defendant took in order to avoid the collision. Therefore, the defendant failed to establish her prima facie entitlement to judgment as a matter of law (*see Vinueza v Tarar*, 100 AD3d 742 [2012]; *Nevarez v S.R.M. Mgt. Corp.*, 58 AD3d 295 [2008]; *Borukhow v Cuff*, 48 AD3d 726 [2008]; *Cox v Nunez*, 23 AD3d at 427).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551, 552 [2011]; *Post v County of Suffolk*, 80 AD3d 682 [2011]). Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.