In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 8, 2013, which denied her motion for summary judgment on the issue of liability, without prejudice to renewal upon the completion of discovery.
Ordered that the order is affirmed, with costs.
On July 16, 2012, a weekday morning, the plaintiff was riding her bicycle westbound on Driggs Avenue in Brooklyn. At the intersection of Driggs and Graham Avenues, she was struck by the defendant’s vehicle, which was traveling southbound on Graham Avenue. The only traffic control device at the intersection was a stop sign regulating the flow of traffic along Graham Avenue.
The plaintiff commenced this action against the defendant to recover damages for her alleged personal injuries. Shortly after *845 the defendant answered the complaint, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the plaintiffs motion without prejudice to renewal upon the completion of discovery.
The Supreme Court properly denied the plaintiffs motion for summary judgment on the issue of liability, without prejudice to renewal upon the completion of discovery. Although the plaintiff bicyclist submitted evidence that the defendant motorist failed to yield the right of way to her in violation of Vehicle and Traffic Law § 1142 (a), she failed to establish that this violation was the sole proximate cause of the accident or that she was free from comparative fault (see Stern v Amboy Bus Co., Inc., 102 AD3d 763, 763 [2013]; Graeber-Nagel v Naranjan, 101 AD3d 1078 [2012]; Simmons v Canady, 95 AD3d 1201, 1202 [2012]). In light of the plaintiffs failure to meet her prima facie burden, we need not consider the sufficiency of the defendant’s opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Dillon, J.E, Hall, Austin and Sgroi, JJ., concur.