In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 10, 2013, which, in effect, denied his motion for summary judgment on the issue of liability and dismissing the defendants’ affirmative defenses.
Ordered that the order is affirmed, with costs.
On February 1, 2010, the plaintiff allegedly was injured when the vehicle he was operating collided with a vehicle which was owned by the defendant Save A. Watt Conservation Corp. and operated by the defendant Levi Y. Klein. The collision occurred at the intersection of Avenue K and East 9th Street in Brooklyn; the plaintiff was proceeding along Avenue K, and Klein was proceeding along East 9th Street. At the subject intersection, the traffic proceeding along Avenue K was not regulated by a traffic control device, while the traffic proceeding along East 9th Street was controlled by a stop sign. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants’ affirmative defenses. The Supreme Court, in effect, denied the motion.
A driver who has the right of way is entitled to anticipate that other drivers will obey traffic laws which require them to yield (see Vehicle and Traffic Law § 1141; Kann v Maggies Paratransit Corp., 63 AD3d 792 [2009]; Moreno v Gomez, 58 AD3d 611 [2009]; Palomo v Pozzi, 57 AD3d 498 [2008]; Gabler v Marly Bldg. Supply Corp., 27 AD3d 519 [2006]; Moreback v Mesquita, 17 AD3d 420 [2005]). Moreover, a driver is negligent where he has failed to see that which through proper use of his senses he should have seen (see Laino v Lucchese, 35 AD3d 672 [2006]; Berner v Koegel, 31 AD3d 591 [2006]; Bongiovi v Hoffman, 18 AD3d 686 [2005]; Bolta v Lohan, 242 AD2d 356 [1997]). At the same time, a driver who has the right of way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection (see Demant v Rochevet, 43 AD3d 981 [2007]). “There can be more than one proximate cause of an accident” (Cox v Nunez, 23 AD3d 427, 427 [2005]), and the issue of comparative fault is generally a question for the jury to decide (see Sokolovsky v Mucip, Inc., 32 AD3d 1011 [2006]; Valore v McIntosh, 8 AD3d 662 [2004]).
Here, in support of his motion for summary judgment on the issue of liability, the plaintiff made a prima facie showing that he had the right of way and was entitled to anticipate that Klein *940 would obey the traffic laws, and that, by failing to stop, Klein violated Vehicle and Traffic Law § 1142 (a), which constituted negligence as a matter of law (see Bonilla v Gutierrez, 81 AD3d 581, 582 [2011]). In addition, the plaintiff made a prima facie showing that he was free of comparative fault (see id.). In opposition, however, the defendants raised a triable issue of fact as to whether Klein did, in fact, stop at the stop sign, whether his vehicle was lawfully within the intersection at the time the accident occurred, and whether the plaintiff was driving at an excessive rate of speed and whether he could have avoided the accident through exercise of reasonable care (see Steiner v Dincesen, 95 AD3d 877, 878 [2012]).
Accordingly, the Supreme Court properly, in effect, denied the plaintiffs motion for summary judgment on the issue of liability and dismissing the defendants’ affirmative defenses. Dillon, J.E, Hall, Austin and Duffy, JJ., concur.