SECOND DEPARTMENT, OCTOBER, 2014

(October 1, 2014)

■ CATHY-JO BERISH et al., Respondents, v LORI VASQUEZ, Appellant. [993 NYS2d 567]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Rosa, J.), dated September 9, 2013, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

At approximately 3:00 p.m. on June 25, 2010, the plaintiff Cathy-Jo Berish (hereinafter the injured plaintiff) was in the process of turning left from a left-hand turn lane on eastbound New York State Route 52, in the Village of Fishkill, across the westbound lane of traffic and into a parking lot, when she was involved in an accident with another vehicle owned and operated by the defendant, who was traveling westbound on Route 52. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant, the defendant

moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

A driver who has the right-of-way is entitled to anticipate that other motorists will obey traffic laws which require them to yield the right-of-way (*see* Vehicle and Traffic Law § 1141; *Rodriguez v Klein*, 116 AD3d 939, 939 [2014]; *Kann v Maggies Paratransit Corp.*, 63 AD3d 792, 793 [2009]). Furthermore, a driver is negligent where an accident occurs because he or she has failed to see that which through proper use of his or her senses he or she should have seen (*see Rodriguez v Klein*, 116 AD3d at 939; *Laino v Lucchese*, 35 AD3d 672, 672 [2006]; *Berner v Koegel*, 31 AD3d 591, 592 [2006]). A driver traveling with the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in an intersection (*see Todd v Godek*, 71 AD3d 872, 872 [2010]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jones v Vialva-Duke*, 106 AD3d 1052, 1052 [2013]; *Graeber-Nagel v Naranjan*, 101 AD3d 1078, 1078 [2012]), and the issue of comparative fault is generally a question for the jury to decide (*see Bullock v Calabretta*, 119 AD3d 884 [2014]; *Sokolovsky v Mucip, Inc.*, 32 AD3d 1011, 1012 [2006]). Thus, a movant seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault (*see Jones v Vialva-Duke*, 106 AD3d at 1053; *Graeber-Nagel v Naranjan*, 101 AD3d at 1078; *Mackenzie v City of New York*, 81 AD3d 699, 699 [2011]).

Here, in support of her motion, the defendant failed to eliminate all triable issues of fact as to whether she was comparatively at fault in the happening of the accident by failing to see that which through the proper use of her senses she should have seen and whether she used reasonable care to avoid the accident. Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied her motion without regard to the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.