■ BRENDA SMITH, Respondent, v MARCELIN OMANES et al., Appellants. [998 NYS2d 198]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated August 8, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On January 30, 2010, a vehicle owned and operated by the plaintiff and a vehicle owned by the defendant Eagle Auto Services, Inc., and operated by the defendant Marcelin Omanes (hereinafter together the defendants), collided in the intersection of Bergen Street and Grand Avenue in Brooklyn.

A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws which require them to yield (*see* Vehicle and Traffic Law § 1141; *Rodriguez v Klein,* 116 AD3d 939, 939 [2014]; *Regans v Baratta,* 106 AD3d 893 [2013]; *Ahern v Lanaia,* 85 AD3d 696 [2011]). Since there can be more than one proximate cause of an accident, a movant seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault (*see Jones v Vialva-Duke,* 106 AD3d 1052, 1053 [2013]; *Graeber-Nagel v Naranjan,* 101 AD3d 1078 [2012]; *Mackenzie v City of New York,* 81 AD3d 699 [2011]). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters,* 64 AD3d 762, 764 [2009] [citations omitted]; *see Ducie v Ippolito,* 95 AD3d 1067 [2012]; *Socci v Levy,* 90 AD3d 1020, 1021 [2011]; *Vainer v DiSalvo,* 79 AD3d 1023, 1024 [2010]).

Here, in support of her motion, the plaintiff made a prima facie showing that she had the right-of-way and was entitled to anticipate that Omanes would obey the traffic laws, and that,

by failing to stop at the stop sign on Grand Avenue at its intersection with Bergen Street, Omanes violated Vehicle and Traffic Law § 1142 (a), which constituted negligence as a matter of law (*see Rodriguez v Klein,* 116 AD3d at 939-940; *Williams v Hayes,* 103 AD3d 713 [2013]; *Briggs v Russo,* 98 AD3d 547 [2012]). Moreover, the evidence submitted in support of the motion demonstrated that the plaintiff was not comparatively at fault in the happening of the accident. The evidence demonstrated that the plaintiff's vehicle was already in the intersection and in the process of making a left-hand turn from Bergen Street onto Grand Avenue when she saw the defendants' vehicle run the stop sign on Grand Avenue, and she had only one second to react before the defendants' vehicle made impact with the front passenger side her vehicle. In opposition, the defendants failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.