■ FASUTO C. ARIAS, Appellant, v RONNIE P. TIAO et al., Respondents. [1 NYS3d 133]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered October 10, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

A two-vehicle accident occurred in the intersection of 72nd Street and 30th Avenue in Queens County. The first vehicle was

owned and operated by the plaintiff, and the second vehicle was owned by the defendant Michael Wang and operated by the defendant Ronnie P. Tiao (hereinafter together the defendants). At the time of the accident, the plaintiff was traveling on 72nd Street and Tiao was traveling on 30th Avenue. It is undisputed that 30th Avenue at its intersection with 72nd Street is not governed by any traffic control devices, while 72nd Street at its intersection with 30th Avenue is controlled by a stop sign. The plaintiff alleged that, after he stopped at the stop sign on 72nd Street at its intersection with 30th Avenue, he proceeded to make a left turn at the intersection, at which time his vehicle was struck in the middle of the intersection by the defendants' vehicle. The plaintiff commenced this action against the defendants, alleging a cause of action to recover damages for negligence. The defendants moved for summary judgment dismissing the complaint on the grounds that the plaintiff violated Vehicle and Traffic Law § 1142 (a) by failing to yield the right-of-way to the defendants' vehicle, and that they were not comparatively at fault in the happening of the accident. The Supreme Court granted the motion, and we reverse.

A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (*see* Vehicle and Traffic Law § 1141; *Rodriguez v Klein*, 116 AD3d 939 [2014]; *Regans v Baratta*, 106 AD3d 893, 894 [2013]; *Ahern v Lanaia*, 85 AD3d 696 [2011]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]). Moreover, a driver is negligent where he has failed to see that which through proper use of his senses he should have seen (*see Rodriguez v Klein*, 116 AD3d at 939; *Laino v Lucchese*, 35 AD3d 672 [2006]; *Berner v Koegel*, 31 AD3d 591, 592 [2006]; *Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005]; *Bolta v Lohan*, 242 AD2d 356 [1997]). At the same time, a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident (*see Todd v Godek*, 71 AD3d 872 [2010]; *see also Regans v Baratta*, 106 AD3d at 894; *Simmons v Canady*, 95 AD3d 1201, 1202 [2012]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jones v Vialva-Duke*, 106 AD3d 1052 [2013]; *Graeber-Nagel v Naranjan*, 101 AD3d 1078 [2012]), and the issue of comparative fault is generally a question for the jury to decide (*see Sokolovsky v Mucip, Inc.*, 32 AD3d 1011, 1011-1012 [2006]; *Valore v McIntosh*, 8 AD3d 662 [2004]). Thus, a movant seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault (*see Jones v Vialva-Duke*, 106 AD3d at 1053; *Graeber-Nagel v Naranjan*, 101 AD3d at 1078;

*Mackenzie v City of New York*, 81 AD3d 699 [2011]; *Bonilla v Gutierrez*, 81 AD3d 581, 582 [2011]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]).

In support of their motion, the defendants relied upon, inter alia, the deposition transcripts of the plaintiff and Tiao. While the defendants submitted evidence that the plaintiff failed to yield the right-of-way to their vehicle in violation of Vehicle and Traffic Law § 1142 (a), their submissions in support of their motion failed to establish Tiao's freedom from comparative fault and that the plaintiff's violation was the sole proximate cause of the accident (*see Skoczek v Delgado*, 115 AD3d 844, 845 [2014]; *Stern v Amboy Bus Co., Inc.*, 102 AD3d 763, 763 [2013]; *Graeber-Nagel v Naranjan*, 101 AD3d 1078, 1078-1079 [2012]; *Simmons v Canady*, 95 AD3d at 1202-1203). Tiao recalled at his deposition that, prior to entering the intersection, when he was about five to eight feet therefrom, he observed the plaintiff's vehicle stopped at the stop sign on 72nd Street. Thereafter, he testified that three to four seconds elapsed between his seeing the plaintiff's vehicle initially and the collision. Tiao did not testify as to the movement of the plaintiff's vehicle from the point he initially observed it to the point of impact between the vehicles, and he admitted that he could not recall where he was looking at the point of impact. He further admitted that he did not take any evasive action to avoid the impact with the plaintiff's vehicle in the intersection. Based on Tiao's testimony, the defendants failed to eliminate all triable issues of fact as to whether Tiao took reasonable care to avoid the collision with the plaintiff's vehicle in the intersection (*see Simmons v Canady*, 95 AD3d at 1203; *Cox v Nunez*, 23 AD3d at 428).

Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Simmons v Canady*, 95 AD3d at 1203). Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.