■ JOHNNY BAULETE, Respondent, v L & N CAR SERVICE, INC., et al., Appellants, et al., Defendant. [22 NYS3d 86]—

In an action to recover damages for personal injuries, the defendants L & N Car Service, Inc., and Albertano Batista appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated June 26, 2014, as denied their motion for summary judgment dismiss-

ing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 31, 2009, the plaintiff, a rear-seat passenger in a vehicle owned by the defendant L & N Car Service, Inc., and operated by the defendant Albertano Batista (hereinafter together the L & N defendants), allegedly sustained personal injuries when that vehicle collided with a vehicle owned and operated by the defendant Kwesi A. Skeete (hereinafter the Skeete vehicle). The accident occurred at the intersection of Newport Street and Snediker Avenue, in Brooklyn. The L & N defendants' vehicle was traveling on Snediker Avenue, which was not controlled by any traffic device, while the Skeete vehicle was traveling on Newport Street, which was controlled by a stop sign at the intersection.

The L & N defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court, inter alia, denied their motion.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Rungoo v Leary*, 110 AD3d 781, 782 [2013]). There can be more than one proximate cause of an accident (*see Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]; *Cox v Nunez*, 23 AD3d 427, 427 [2005]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]). Although a driver with the right-of-way is entitled to anticipate that the other driver will obey the traffic laws requiring him or her to yield (*see Martin v Ali*, 78 AD3d 1135, 1136 [2010]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]; *Moreno v Gomez*, 58 AD3d 611, 612 [2009]), a driver is bound to see what is there to be seen through the proper use of his or her senses and is negligent for failure to do so (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]; *Katanov v County of Nassau*, 91 AD3d 723, 725 [2012]).

Here, the L & N defendants failed to meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law by establishing their freedom from fault (*see Cattan v Sutton*, 120 AD3d 537, 538 [2014]). Since they did not establish their prima facie entitlement to judgment as a mat-

ter of law, the Supreme Court properly denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and we need not examine the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.