*1127 In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered April 21, 2015, which granted the plaintiffs motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is denied.
This case arises from a two-vehicle accident which took place on November 28, 2012, at the intersection of 148th Street and 60th Avenue in Queens. One of the vehicles was owned and operated by the plaintiff, and the other vehicle was owned and operated by the defendant. At the time of the accident, the plaintiff was traveling southbound on 148th Street and the defendant was traveling westbound on 60th Avenue. It is undisputed that 148th Street at its intersection with 60th Avenue is not governed by any traffic control devices, while 60th Avenue at its intersection with 148th Street is controlled by a stop sign. The plaintiff alleged that he proceeded with the right-of-way into the intersection when he was struck by the defendant’s vehicle. The plaintiff commenced this action against the defendant and thereafter moved for summary judgment on the issue of liability on the ground that the defendant violated Vehicle and Traffic Law § 1142 (a) by failing to yield the right-of-way to his vehicle. The Supreme Court granted the motion. We reverse.
A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws which require them to yield (see Vehicle and Traffic Law § 1141; Arias v Tiao, 123 AD3d 857, 858 [2014]; Rodriguez v Klein, 116 AD3d 939 [2014]; Regans v Baratta, 106 AD3d 893, 894 [2013]; Ahern v Lanaia, 85 AD3d 696 [2011]; Mohammad v Ning, 72 AD3d 913, 914 [2010]). Moreover, a driver is negligent where he or she failed to see that which through proper use of his or her senses he or she should have seen (see Arias v Tiao, 123 AD3d at 858; Rodriguez v Klein, 116 AD3d at 939; Laino v Lucchese, 35 AD3d 672 [2006]; Berner v Koegel, 31 AD3d 591 [2006]; Bongiovi v Hoffman, 18 AD3d 686, 687 [2005]). However, a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident (see Arias v Tiao, 123 AD3d at 858; Todd v Godek, 71 AD3d 872 [2010]; see also Regans v Baratta, 106 AD3d at 893; Simmons v Canady, 95 *1128 AD3d 1201, 1202 [2012]). “There can be more than one proximate cause of an accident” (Cox v Nunez, 23 AD3d 427, 427 [2005]; see Jones v Vialva-Duke, 106 AD3d 1052 [2013]; Graeber-Nagel v Naranjan, 101 AD3d 1078 [2012]), and the issue of comparative fault is generally a question for the jury to decide (see Sokolovsky v Mucip, Inc., 32 AD3d 1011 [2006]; Valore v McIntosh, 8 AD3d 662 [2004]). Consequently, a plaintiff seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault (see Jones v Vialva-Duke, 106 AD3d at 1053; Graeber-Nagel v Naranjan, 101 AD3d at 1078; Mackenzie v City of New York, 81 AD3d 699 [2011]; Bonilla v Gutierrez, 81 AD3d 581 [2011]).
Here, in support of his motion, the plaintiff relied upon, inter alia, the deposition transcripts of both parties. While such evidence showed that the defendant failed to yield the right-of-way in violation of Vehicle and Traffic Law § 1142 (a), the evidence failed to establish the plaintiff’s freedom from comparative fault or that the defendant’s Vehicle and Traffic Law violation was the sole proximate cause of the accident (see Skoczek v Delgado, 115 AD3d 844 [2014]; Stern v Amboy Bus Co., Inc., 102 AD3d 763, 763 [2013]; Graeber-Nagel v Naranjan, 101 AD3d 1078 [2012]; Simmons v Canady, 95 AD3d at 1201). The plaintiff testified that he did not see the defendant’s vehicle until impact, despite his other testimony that prior to entering the intersection, he had a clear “three to four car lengths” view of 60th Avenue, and that he “checked to his right” immediately before entering the intersection. In contrast, the defendant testified that, due to the presence of a “large high” van parked on 148th Street which blocked her view of oncoming traffic in that street, she had to stop four times at the intersection and inch forward until she could see around the van. The presence of this van is also depicted on the diagram which was drawn on the police report by the officer who responded to the scene of the accident. The defendant further stated that, after her fourth stop, she observed the plaintiff’s vehicle about one block away and did not move her vehicle any further. Given the conflicting testimony, the plaintiff failed to eliminate all triable issues of fact as to whether he took reasonable care to avoid the collision with the defendant’s vehicle in the intersection (see Simmons v Canady, 95 AD3d at 1201; Cox v Nunez, 23 AD3d at 427).
Since the plaintiff failed to meet his prima facie burden, the Supreme Court should have denied his motion for summary judgment on the issue of liability, without regard to the sufficiency of the defendant’s opposition papers (see Alvarez v *1129 Prospect Hosp., 68 NY2d 320, 324 [1986]; Simmons v Canady, 95 AD3d at 1203).
Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.