■ Nankumarie Gobin et al., Appellants, v Brenda Y. Delgado, Respondent. [38 NYS3d 63]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered September 11, 2015, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On August 23, 2013, a vehicle owned and operated by the defendant allegedly struck a vehicle operated by the plaintiff Nankumarie Gobin (hereinafter the injured plaintiff) and owned by the plaintiff Jeewan Gobin. The plaintiffs commenced this action against the defendant to recover damages for personal injuries and injury to property arising from the accident.

According to the injured plaintiff's deposition testimony, she was traveling westbound on Hempstead Turnpike and was preparing to make a left turn onto Warwick Road. While the intersection of Warwick Road and Hempstead Turnpike (hereinafter the Warwick intersection) is not controlled by a traffic light, the intersection of Hempstead Turnpike and Sterling Road (hereinafter the Sterling intersection), the next intersection to the west, is controlled by a traffic light. The injured plaintiff testified that she observed that the defendant's car was traveling eastbound on Hempstead Turnpike and was stopped at a red light at the Sterling intersection. According to the injured plaintiff, as she turned left onto Warwick Road, the defendant proceeded through the red light at the Sterling intersection and struck the injured plaintiff's vehicle. The injured plaintiff testified that she was 10 feet into her turn when the defendant's vehicle struck her.

By contrast, the defendant testified at her deposition that she passed through the Sterling intersection while the light was green, i.e., that she did not run a red light, and that the injured plaintiff's vehicle turned left and collided with her vehicle when the defendant had the right of way. The defendant testified that "[a] few seconds" elapsed between the time that the injured plaintiff turned and when the two vehicles collided.

The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We reverse.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see*

*Estate of Cook v Gomez*, 138 AD3d 675 [2016]; *Baulete v L & N Car Serv., Inc.*, 134 AD3d 753 [2015]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]), and " '[g]enerally, it is for the trier of fact to determine the issue of proximate cause' " (*Estate of Cook v Gomez*, 138 AD3d at 677, quoting *Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]).

Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle which is within the intersection or so close to it as to constitute an immediate hazard (*see Attl v Spetler*, 137 AD3d 1176 [2016]; *Foley v Santucci*, 135 AD3d 813 [2016]). A violation of this statute constitutes negligence per se (*see Katikireddy v Espinal*, 137 AD3d 866, 867 [2016]; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]). The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law (*see Attl v Spetler*, 137 AD3d at 1176; *Arias v Tiao*, 123 AD3d 857, 858 [2014]). A driver is negligent where he or she failed to see that which, through proper use of his or her senses, he or she should have seen (*see Arias v Tiao*, 123 AD3d at 858; *Rodriguez v Klein*, 116 AD3d 939 [2014]). The driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident (*see Arias v Tiao*, 123 AD3d at 858; *Todd v Godek*, 71 AD3d 872 [2010]; *see also Regans v Baratta*, 106 AD3d 893, 893 [2013]; *Simmons v Canady*, 95 AD3d 1201, 1202 [2012]).

On a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]). Here, the parties' conflicting deposition testimony submitted by the defendant in support of her motion failed to eliminate triable issues of fact as to whether the defendant was free from fault in the happening of the accident and, if not, whether the injured plaintiff's negligence was the sole proximate cause of the accident (*see Cabrera v Magussen*, 130 AD3d 664 [2015]; *Lorentz v Ruiz*, 129 AD3d 795 [2015]). Since the defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied her motion, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.