In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Capetola, J.), entered July 1, 2016, which granted the defendant’s motion for summary judgment dismissing the complaint.
 

 Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
 

 The plaintiff and the defendant were involved in an automobile accident that occurred at the intersection of Herricks Road and Clarissa Road in Nassau County. Herricks Road is a two-way street with two lanes of traffic in each direction. Prior to the accident, the plaintiff was operating her vehicle in the left southbound lane of Herricks Road, and the defendant was operating her vehicle in the right northbound lane. The plaintiff testified at her deposition that, after having stopped her vehicle for about three minutes, she began to make a left turn onto Clarissa Road when the rear passenger side of her vehicle allegedly came into contact with the defendant’s vehicle. The plaintiff subsequently commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff’s violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident. The Supreme Court granted the motion. We reverse.
 

 “A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident” (Boulos v Lerner-Harrington, 124 AD3d 709, 709 [2015]; see Baulete v L & N Car Serv., Inc., 134 AD3d 753, 754 [2015]). Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle which is within the intersection or so close to it as to constitute an immediate hazard (see Attl v Spetler, 137 AD3d 1176 [2016]; Foley v Santucci, 135 AD3d 813, 814 [2016]). A violation of this statute constitutes negligence per se (see Katikireddy v Espinal, 137 AD3d 866, 867 [2016]; Ciatto v Lieberman, 266 AD2d 494, 495 [1999]).
 

 The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law (see Attl v Spetler, 137 AD3d at 1176; Arias v Tiao, 123 AD3d 857, 858 [2014]). A driver is negligent where he or she failed to see that which, through proper use of his or her senses, he or she should have seen (see Arias v Tiao, 123 AD3d at 858; Rodriguez v Klein, 116 AD3d 939 [2014]). The driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident (see Arias v Tiao, 123 AD3d at 858; Todd v Godek, 71 AD3d 872 [2010]; see also Regans v Baratta, 106 AD3d 893, 894 [2013]; Simmons v Canady, 95 AD3d 1201, 1202 [2012]).
 

 Here, in support of the motion, the defendant submitted, inter alia, the deposition testimony of the parties. The defendant attested that she never saw the front of the plaintiff’s vehicle and that when she first saw the plaintiff’s vehicle, which was “moving like a snail,” she saw the middle part of the vehicle directly ahead of her. Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the defendant failed to establish, prima facie, her freedom from comparative fault and that the plaintiff’s alleged violation of the Vehicle and Traffic Law was the sole proximate cause of the accident (see Chang-Hoon Lee v Kew Gardens Sung Shin Refm. Church of N.Y., 84 AD3d 1299, 1299-1300 [2011]; see generally Simmons v Canady, 95 AD3d at 1202-1203).
 

 Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.