Miron v Pappas (2018 NY Slip Op 03672)





Miron v Pappas


2018 NY Slip Op 03672


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-04106
 (Index No. 28631/10)

[*1]Stephanie O. Miron, et al., plaintiffs, 
v
Valerie C. Pappas, et al., appellants, Arlene S. Gould, et al., respondents.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless, Eugene T. Boule, and Tracy A. Kinneary of counsel), for appellants.
Mazzara & Small, P.C., Bohemia, NY (Angela P. Pensabene and Timothy Mazzara of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Valerie C. Pappas, Peter A. Pappas, and Pappas Industrial Parks, LLC, appeal from an order of the Supreme Court, Suffolk County (Arthur Pitts, J.), dated January 25, 2017. The order granted the motion of the defendants Arlene S. Gould and Wainscott Farms, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Arlene S. Gould and Wainscott Farms, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendants Valerie C. Pappas, Peter A. Pappas, and Pappas Industrial Parks, LLC, are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendants Arlene S. Gould and Wainscott Farms, Inc., which was for summary judgment dismissing the cross claims of the defendants Valerie C. Pappas, Peter A. Pappas, and Pappas Industrial Parks, LLC, against them is denied; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
In September 2007, the plaintiff Stephanie O. Miron (hereinafter the injured plaintiff) was a front-seat passenger in a vehicle operated by the defendant Valerie C. Pappas (hereinafter the Pappas vehicle). At the intersection of Church Street and Dayton Lane in East Hampton, the Pappas vehicle collided with a vehicle operated by the defendant Arlene S. Gould, which was owned by her employer, the defendant Wainscott Farms, Inc. (hereinafter together the Gould defendants). The Pappas vehicle allegedly was owned by the defendants Peter Pappas and Pappas Industrial Parks, LLC (hereinafter, with the defendant Valerie C. Pappas, collectively the Pappas defendants). At the time of the accident, Valerie C. Pappas was traveling east on Dayton Lane, which was governed by [*2]a stop sign at its intersection with Church Street. Gould was traveling south on Church Street, which was not governed by a stop sign at that intersection.
The injured plaintiff, and her husband suing derivatively, subsequently commenced this action against the Gould defendants and the Pappas defendants to recover damages for personal injuries. After joinder of issue, the Gould defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the grounds that Valerie C. Pappas violated Vehicle and Traffic Law § 1142(a) and there was no negligence on the part of Gould in the happening of the accident. The Pappas defendants opposed the motion, while the plaintiffs did not. The Supreme Court granted the motion, and the Pappas defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Aponte v Vani, 155 AD3d 929; Baulete v L & N Car Serv., Inc., 134 AD3d 753, 754). " There can be more than one proximate cause of an accident'" (Lopez v Reyes-Flores, 52 AD3d 785, 786, quoting Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974).
While the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield (see McPherson v Chanzeb, 123 AD3d 1098, 1099; Rodriguez v Klein, 116 AD3d 939), the driver with the right-of-way also has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (see Romero v Brathwaite, 154 AD3d 894; Twizer v Lavi, 140 AD3d 736; Mu-Jin Chen v Cardenia, 138 AD3d at 1129; Arias v Tiao, 123 AD3d 857, 858; Bennett v Granata, 118 AD3d 652, 653; Regans v Baratta, 106 AD3d 893; Todd v Godek, 71 AD3d 872).
The Gould defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cross claims asserted against them. While they submitted evidence that the Pappas vehicle failed to yield the right-of-way to their vehicle, in violation of Vehicle and Traffic Law § 1142(a), the submissions in support of their motion failed to establish the Gould defendants' freedom from fault and that the Pappas vehicle's failure to yield the right-of-way was the sole proximate cause of the accident (see Gezelter v Pecora, 129 AD3d 1021, 1023). Based on their submissions, which included the deposition transcripts of the respective parties, the Gould defendants failed to eliminate all triable issues of fact as to whether Gould took reasonable care to avoid the collision (see id. at 1023; Cox v Nunez, 23 AD3d at 428).
Since the Gould defendants failed to meet their prima facie burden of establishing that the cross claims asserted against them by the Pappas defendants should be dismissed, the Supreme Court should have denied that branch of the Gould defendants' motion without regard to the sufficiency of the Pappas defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court