Lindner v Guzman (2018 NY Slip Op 05460)





Lindner v Guzman


2018 NY Slip Op 05460


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-09766
 (Index No. 14775/15)

[*1]John Lindner, respondent, 
v
Cesar Guzman, et al., appellants.


Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for appellants.
Pazner, Epstein, Jaffe & Fein, P.C., New York, NY (Matthew J. Fein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated August 1, 2017. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of a collision, at an intersection in Suffolk County, between the bicycle he was riding and a motor vehicle driven by the defendant Carlos A. Guzman and owned by the defendant Cesar Guzman. A stop sign governed each direction of travel into the intersection. The defendants moved for summary judgment dismissing the complaint. They contended that the sole proximate cause of the collision was the plaintiff's negligence in failing to stop at the stop sign and yield the right-of-way. In the order appealed from, the Supreme Court, inter alia, denied the defendants' motion. The defendants appeal.
In general, a person riding a bicycle on a roadway is granted the rights, and is subject to the duties, applicable to a vehicle driver (see Vehicle and Traffic Law § 1231). A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws requiring them to yield (see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127; Rodriguez v Klein, 116 AD3d 939, 939). A driver is negligent where the driver failed to see what she or he should have seen through proper use of her or his senses (see Rodriguez v Klein, 116 AD3d at 939; Laino v Lucchese, 35 AD3d 672, 672). A driver traveling with the right of way may be found to have contributed to the happening of a collision if she or he did not use reasonable care to avoid it (see Mu-Jin Chen v Cardenia, 138 AD3d at 1127; Arias v Tiao, 123 AD3d 857, 858). There can be more than one proximate cause of a collision (see Mu-Jin Chen v Cardenia, 138 AD3d at 1128; Cox v Nunez, 23 AD3d 427, 427).
Here, in support of their motion, the defendants submitted, inter alia, the deposition transcripts of the defendant driver and the plaintiff. The defendant driver testified that his vehicle came to a stop at the stop sign, he looked both ways and, not seeing any approaching vehicles, he drove into the intersection. According to the driver, he did not see the plaintiff until the plaintiff's [*2]bicycle came into contact with the vehicle when the vehicle was halfway across the intersection. The plaintiff testified that he slowed his bicycle but did not come to a complete stop at the stop sign. His testimony was to the effect that the defendants' vehicle was approaching the intersection and slowing down. Seeing that the vehicle was slowing down, the plaintiff entered the intersection and looked straight ahead. He was "T-boned" by the vehicle when he was more than halfway across the intersection. In view of the conflicting deposition testimony, the defendants failed to establish, prima facie, that the plaintiff's alleged negligence was the sole proximate cause of the collision (see Topalis v Zwolski, 76 AD3d 524, 525; Cox v Nunez, 23 AD3d at 428).
Since the defendants failed to meet their prima facie burden, we agree with the Supreme Court's determination to deny their motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court