M. M. T. v Relyea (2019 NY Slip Op 08591)





M. M. T. v Relyea


2019 NY Slip Op 08591


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-13551
 (Index No. 502147/14)

[*1]M. M. T., etc., et al., respondents, 
v
Jennifer Lisa Relyea, appellant, et al., defendant.


James Bilello (Russo & Tambasco, Melville, NY [Susan J. Mitola and Jill Dabrowski] of counsel), for appellant.
William Pager, Brooklyn, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendant Jennifer Lisa Relyea appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 18, 2018. The order denied that defendant's renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
On October 3, 2013, a vehicle operated by the defendant Jennifer Lisa Relyea collided with a vehicle operated by the defendant Mileni Quesada at the intersection of Avenue V and East 8th Street in Brooklyn. Relyea's vehicle was traveling on Avenue V, which was not governed by a traffic control device, and Quesada's vehicle was traveling on East 8th Street, which was controlled by a stop sign. The infant plaintiff, a passenger inside Quesada's vehicle, and her father, suing derivatively, commenced this action against Relyea and Quesada. The Supreme Court denied Relyea's renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Relyea appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709; see Richardson v Cablevision Sys. Corp., 173 AD3d 1083; Miron v Pappas, 161 AD3d 1063, 1064). "There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974).
While the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield (see McPherson v Chanzeb, 123 AD3d 1098, 1099; Rodriguez v Klein, 116 AD3d 939), the driver with the right-of-way also has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (see Romero v Brathwaite, 154 AD3d 894, 895; Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1128).
Here, while Relyea submitted evidence that Quesada failed to yield the right-of-way after stopping at the stop sign, she failed to demonstrate, prima facie, that she herself was free from comparative fault and that Quesada's violation of Vehicle and Traffic Law section 1142(a) was the sole proximate cause of the accident (see Rivera v Town of Wappinger, 164 AD3d 932, 934; Gezelter v Pecora, 129 AD3d 1021, 1023). Since Relyea failed to meet her initial burden as the movant, we agree with the Supreme Court's determination to deny her renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court