Binyaminov v Satterlee (2024 NY Slip Op 04946)

Binyaminov v Satterlee

2024 NY Slip Op 04946

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2023-09385
 (Index No. 723746/22)

[*1]Yakov Binyaminov, appellant, 
v
George Satterlee, respondent, et al., defendant.

Pinkhasov & Associates, PLLC, Uniondale, NY (Paul J. Felicione of counsel), for appellant.
Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered October 2, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant George Satterlee and dismissing that defendant's second affirmative defense.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant George Satterlee and another defendant to recover damages for personal injuries that the plaintiff allegedly sustained when his vehicle, which was traveling straight, collided with a vehicle operated by Satterlee, which was attempting to enter the parking lot of a shopping center after making a left turn from the middle of the street. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Satterlee and dismissing Satterlee's second affirmative defense, alleging culpable conduct on the part of the plaintiff. The plaintiff appeals.
Here, the plaintiff failed to demonstrate, prima facie, his entitlement to judgment as a matter of law on the issue of liability against Satterlee. In support of his motion, the plaintiff submitted a copy of his affidavit and the certified police accident report, which failed to eliminate triable issues of fact as to whether, when Satterlee initiated his turn, the plaintiff's vehicle was "so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141). The plaintiff also failed to establish, prima facie, that he was not comparatively at fault in the happening of the accident (see Aponte v Vani, 155 AD3d 929, 930-931; Arias v Tiao, 123 AD3d 857, 858; see generally Simmons v Canady, 95 AD3d 1201, 1202-1203). Since the plaintiff failed to meet his initial burden as the movant, the burden never shifted to Satterlee to submit evidence sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Satterlee and dismissing Satterlee's second affirmative defense, alleging culpable conduct on the part of the plaintiff.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court