Tornabene v Seickel (2020 NY Slip Op 04507)





Tornabene v Seickel


2020 NY Slip Op 04507


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-05412
 (Index No. 100787/16)

[*1]Mariann Tornabene, respondent, 
v
Thomas Seickel, defendant, Giuseppe Tornabene, appellant.


Votto & Albee, PLLC, Staten Island, NY (Christopher J. Albee of counsel), for appellant.
Louis Grandelli, P.C., New York, NY (Stephen D. Wagner III of counsel), for respondent.
Deirdre J. Tobin (Lewis Johs Avallone Aviles, LLP, Islandia, NY [Amy E. Bedell], of counsel), for defendant Thomas Seickel.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Giuseppe Tornabene appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated February 14, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff allegedly was injured when a vehicle in which she was a passenger, driven by the defendant Giuseppe Tornabene, collided with a pickup truck driven by the defendant Thomas Seickel at the intersection of State Highway 10 and West Main Street in Stamford. Seickel's vehicle was traveling on West Main Street, which is controlled by a stop sign. Tornabene's vehicle, traveling on State Highway 10, was not governed by a traffic control device. The plaintiff commenced this personal injury action against Seickel and Tornabene. Tornabene moved for summary judgment dismissing the complaint insofar as asserted against him, contending that Seickel's failure to yield the right-of-way to Tornabene's vehicle was the sole proximate cause of the accident. The Supreme Court denied the motion, and Tornabene appeals.
"While the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield" (M.M.T. v Relyea, 177 AD3d 1013, 1014; see Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1085), the "driver [with] the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Lorentz v Ruiz, 129 AD3d 795, 796 [internal quotation marks omitted]; see Rodriguez v Klein, 116 AD3d 939, 939; Demant v Rochevet, 43 AD3d 981). Moreover, "a driver is negligent where he or she failed to see that which through proper use of his or her senses he or she should have seen" (Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127; see Berish v Vasquez, 121 AD3d 634, 635; Rodriguez v Klein, 116 AD3d at 939; Chang-Hoon Lee v Kew Gardens Sung Shin Refm. Church of N.Y., 84 AD3d 1299, 1300).
"There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (M.M.T. v Relyea, 177 AD3d at 1013 [citation and internal quotation marks omitted]; see Berish v Vasquez, 121 AD3d at 635; Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889). Thus, " [a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (M.M.T. v Relyea, 177 AD3d at 1013, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709).
Here, although Tornabene submitted evidence that Seickel failed to yield the right-of-way in violation of Vehicle and Traffic Law § 1142(a), Tornabene did not establish, prima facie, that Seickel's failure to yield was the sole proximate cause of the collision and that Tornabene himself was free from fault (see M.M.T. v Relyea, 177 AD3d at 1014; Rivera v Town of Wappinger, 164 AD3d 932, 934; Gezelter v Pecora, 129 AD3d 1021, 1023). Tornabene testified at his deposition that he did not see Seickel's vehicle until he struck it near its driver's door and took no evasive action, even though, according to his testimony, he was traveling at a speed of no more than 25 miles per hour, he was looking straight ahead, and his view was not obstructed (see Rivera v Town of Wappinger, 164 AD3d at 934; Gezelter v Pecora, 129 AD3d at 1023; Chang-Hoon Lee v Kew Gardens Sung Shin Refm. Church of N.Y., 84 AD3d at 1300). As Tornabene's submissions failed to satisfy his burden of demonstrating, prima facie, that he took reasonable care to avoid the collision with a vehicle already in the intersection, we agree with the denial of his motion for summary judgment dismissing the complaint insofar as asserted against him, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court