Ki Hong Park v Giunta (2023 NY Slip Op 03004)

Ki Hong Park v Giunta

2023 NY Slip Op 03004

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-09134
 (Index No. 705088/16)

[*1]Ki Hong Park, respondent, 
v
Frederick Giunta, et al., appellants.

Litchfield Cavo LLP, New York, NY (Edward M. Fogarty, Jr., of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 9, 2020. The order granted the plaintiff's motion for summary judgment on the issue of liability and, in effect, dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly sustained personal injuries when the vehicle that he was operating struck a vehicle operated by the defendant Frederick Giunta and owned by the defendant Priority Exterminating and Odor Control, Inc. It is undisputed that a stop sign controlled traffic for the defendants' vehicle at the intersection at which the accident occurred, and that the plaintiff's vehicle had the right-of-way. The plaintiff moved for summary judgment on the issue of liability and, in effect, dismissing the defendants' affirmative defense alleging comparative negligence. The plaintiff contended that Giunta failed to yield to the plaintiff's vehicle in violation of the Vehicle and Traffic Law and that Giunta's negligence was the sole proximate cause of the accident. The Supreme Court granted the motion. The defendants appeal. We modify.
"Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987; Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131). "As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law" (Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d at 1131; see Breen v Seibert, 123 AD3d 963, 964). Even though the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection (see Tornabene v Seickel, 186 AD3d 645, 646; Lorentz v Ruiz, 129 AD3d 795, 796).
Here, the plaintiff established prima facie entitlement to judgment as a matter of law by demonstrating that Giunta entered the intersection without yielding the right-of-way to the plaintiff's vehicle, and that such negligence was a proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Balladares v City of New York, 177 AD3d 942, 944; Lara v Faulisi, 142 AD3d 1052, 1053; Francavilla v Doyno, 96 AD3d 714, 715). In this regard, the plaintiff testified at a deposition that his vehicle had been traveling for about six blocks before approaching the subject intersection; that he was operating his vehicle at or below the speed limit of 25 miles per hour as he approached the intersection; that he saw the defendants' vehicle "speeding" while moving from left to right; and that he had only one second to react before the impact (see Cruz v DiSalvo, 188 AD3d at 987).
In opposition, the defendants failed to raise a triable issue of fact on the issues of whether Giunta was negligent and whether his negligence was a proximate cause of the accident. Contrary to the defendants' contention, the evidence established that Giunta failed to see the plaintiff's vehicle which, "through the proper use of his . . . senses, he . . . should have seen" (Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d at 1131; see Pivetz v Brusco, 145 AD3d 806, 807), and, thus, failed to yield to the plaintiff's vehicle even if Giunta did stop at the stop sign (see Ashby v Estate of Encarnacion, 178 AD3d 763, 765; Fuertes v City of New York, 146 AD3d 936, 938).
Relying upon his own deposition testimony, the plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence on the ground that the defendants' negligence was the sole proximate cause of the accident. In opposition, however, the defendants raised triable issues of fact as to the plaintiff's comparative negligence and whether such negligence was a substantial factor in causing the accident through the submission of, inter alia, Giunta's affidavit and photographs. In his affidavit, Giunta averred that he stopped at the stop sign and proceeded at 10 miles per hour through the intersection. Giunta further averred that after the front of his vehicle had passed through the intersection, the plaintiff's vehicle struck the right rear quarter panel of his vehicle with such "tremendous force" that it caused his vehicle to spin around and roll over on its roof and then back onto its wheels. Under these circumstances, the defendants raised triable issues of fact, including whether the plaintiff exercised reasonable care in approaching the intersection and whether the plaintiff could have avoided the collision (see Tornabene v Seickel, 186 AD3d at 647; Mark v New York City Tr. Auth., 150 AD3d 980; Taylor v Brat Auto Sales, Ltd., 145 AD3d 701, 702; Connell v DL Peterson Trust/Abbott Labs, 67 AD3d 874, 876).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, but should have denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence (see Rodriguez v City of New York, 31 NY3d 312).
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court