Roderick v Golden (2024 NY Slip Op 04336)

Roderick v Golden

2024 NY Slip Op 04336

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-05011
 (Index No. 602458/21)

[*1]Barrington Ernest Roderick, appellant, et al., plaintiffs, 
v
Joseph Luke Golden, et al., respondents.

Gentile & Tambasco, Melville, NY (Patricia McDonagh and Kate L. Dorney of counsel), for appellant.
Jennifer S. Adams, Williamsville, NY (Jaret SanPietro of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff Barrington Ernest Roderick appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered March 28, 2023. The order denied that plaintiff's motion for summary judgment dismissing the counterclaim.
ORDERED that the order is affirmed, with costs.
In June 2019, the plaintiff Barrington Ernest Roderick (hereinafter the plaintiff driver) was operating a vehicle in which the plaintiff Gloria Roderick and others were passengers, when that vehicle collided with a vehicle operated by the defendant Joseph Luke Golden (hereinafter the defendant driver) and owned by the defendant Thara A. Golden. The collision occurred at the T-intersection of Newbridge Road and Charles Court in Nassau County. The plaintiff driver was traveling straight in a northerly direction on Newbridge Road, which was not governed by a traffic control device at its intersection with Charles Court. The defendant driver was traveling in a westerly direction on Charles Court, which was governed by a stop sign at its intersection with Newbridge Road, and he intended to make a left turn to travel in a southerly direction on Newbridge Road when the collision occurred.
The plaintiff driver and Gloria Roderick, among others, commenced this action against the defendants, inter alia, to recover damages for personal injuries allegedly sustained in the accident. The defendants interposed an answer, in which they asserted, among other things, a counterclaim against the plaintiff driver for contribution and indemnification. The plaintiff driver moved for summary judgment dismissing the counterclaim, arguing that the defendant driver's failure to yield the right-of-way was the sole proximate cause of the accident. In an order entered March 28, 2023, the Supreme Court denied the plaintiff driver's motion. The plaintiff driver appeals.
"Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987; see Shuofang Yang v Sanacore, 202 AD3d 1120, 1121). "Even though the [*2]driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Park v Giunta, 217 AD3d 661, 662; see Valdez v MTA Bus Co., 210 AD3d 821, 821-822; Tornabene v Seickel, 186 AD3d 645, 646).
Here, in support of the motion, the plaintiff driver submitted, inter alia, transcripts of his deposition testimony, and the deposition testimony of Gloria Roderick and the defendant driver. While this evidence demonstrated that the defendant driver failed to yield the right-of-way in violation of Vehicle and Traffic Law § 1142(a), the evidence failed to establish the plaintiff driver's freedom from comparative fault or that the defendant driver's violation of that statute was the sole proximate cause of the accident (see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1128).
The defendant driver testified that after coming to a full stop before the stop sign, he did not have sufficient visibility to proceed safely due to parked vehicles, so he inched his vehicle forward while observing oncoming traffic. The plaintiff driver, who allegedly was looking straight ahead and had an unobstructed view of the road, testified that he did not see the defendants' vehicle prior to the collision. Gloria Roderick saw the defendants' vehicle a couple of seconds prior to the collision, with sufficient time to verbally warn the plaintiff driver. Accordingly, triable issues of fact remain as to whether the plaintiff driver was negligent in failing to take reasonable care to avoid the collision (see Jones v Haifeng Zuo, 220 AD3d 933, 934-935; Mu-Jin Chen v Cardenia, 138 AD3d at 1128).
Accordingly, the Supreme Court properly denied the plaintiff driver's motion for summary judgment dismissing the counterclaim.
IANNACCI, J.P., WOOTEN, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court