Ventura v Sturino (2024 NY Slip Op 04589)

Ventura v Sturino

2024 NY Slip Op 04589

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-04487
 (Index No. 56468/21)

[*1]Flor R. Zapata Ventura, appellant, 
v
Donna Sturino, respondent.

Law Office of Robert P. Macchia & Associates, PLLC, East Meadow, NY, for appellant.
James F. Butler, Jericho, NY (Cristina M. Moreira of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated March 24, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
In February 2020, a vehicle operated by the plaintiff collided with a vehicle operated by the defendant at the intersection of Hillandale Avenue and North Broadway in Westchester County. The plaintiff was traveling on Hillandale Avenue, which was controlled by a stop sign at its intersection with North Broadway. The defendant was traveling on North Broadway, which was not governed by any traffic control device at its intersection with Hillandale Avenue. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff's failure to yield the right-of-way was the sole proximate cause of the accident. In an order dated March 24, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427). Hence, "[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "Even though the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Park v Giunta, 217 AD3d 661, 662; see Tornabene v Seickel, 186 AD3d 645, 646).
Here, the defendant failed to establish, prima facie, that the plaintiff's failure to yield the right-of-way was the sole proximate cause of the accident and that the defendant exercised reasonable care to avoid the collision with the plaintiff's vehicle (see Ballentine v Perrone, 179 AD3d 993, 994; M.M.T. v Relyea, 177 AD3d 1013, 1014). The transcripts of the deposition testimony submitted by the defendant in support of her motion failed to eliminate triable issues of [*2]fact as to whether the plaintiff's vehicle was already in the intersection before the defendant's vehicle approached the intersection and whether the defendant could have taken measures to avoid the accident (see Tornabene v Seickel, 186 AD3d at 646; M.M.T. v Relyea, 177 AD3d at 1014). Since the defendant failed to meet her initial burden as the movant, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court