## Rivera-Vega v United Talmudical Academy of Boro Park, Inc.

2024 NY Slip Op 33669(U)

October 15, 2024

Supreme Court, Kings County

Docket Number: Index No. 511598/2020

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 15th day
of October 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

ANDREA RIVERA-VEGA and ANGEL D. BURGOS,          **DECISION & ORDER**

                       Plaintiff,          Index No.: 511598/2020

            - against -          Oral Argument: 9/12/2024

UNITED TALMUDICAL ACADEMY OF BORO          Cal. No.: 45 & 46
PARK, INC., and PAVEL S. YAROSLAVSKIY

                    Ms. No.: 4 & 5

             Defendants.

-----------------------------------------------------------------------X

      Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on February 12, 2024, under motion sequence number four, by Andrea Rivera-Vega and Angel D. Burgos (hereinafter plaintiffs) for an order pursuant to CPLR 3212 (1) granting plaintiffs summary judgment on the issue of liability as against United Talmudical Academy of Boro Park, Inc. and Pavel S. Yarosavskiy (hereinafter the defendants), and (2) for an order dismissing the defendants' counterclaim, and first, second, third, sixth, eighth, ninth, and tenth affirmative defenses.[1] The motion is opposed.

-Notice of motion
-Affirmation in support
      Exhibits A-D
-Statement of material facts
-Affirmation in opposition
      Exhibits A-C
-Counter Statement of material facts
-Affirmation in reply

      Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of cross-motion filed on February 27, 2024, under motion sequence number five, by plaintiff/counterclaim defendant Angel D. Burgos for an order pursuant to CPLR 3212

---

[1] The eighth, ninth, and tenth affirmative defenses were withdrawn on the record.

[* 1]

granting summary judgment on the issue of liability and dismissing the counterclaim asserted against him.  The cross-motion is opposed.

-Notice of cross-motion
-Affirmation in support
         Exhibits A-J
-Statement of material facts
-Affirmation in opposition
-Counter statement of material facts
-Affirmation in reply

## BACKGROUND

On July 6, 2020, the plaintiffs commenced the instant action for damages for personal injury by filing a summons and verified complaint with the Kings County Clerk's office (KCCO).  On July 21, 2020, the plaintiffs filed an amended verified complaint with the KCCO.

On September 4, 2020, the defendants interposed and filed a joint verified answer with counterclaims with the KCCO.  The verified answer asserted twelve affirmative defenses and one counterclaim asserted against Angel D. Burgos. and first, second, third, sixth, eighth, ninth, and tenth affirmative defense.

As relevant to the instant motion the first affirmative defense asserts that the dangerous situation was opinion and obvious.  The second affirmative defense asserts that the plaintiffs' negligence contributed to the subject accident.  The third affirmative defense asserts that the subject accident was caused by third parties.  The sixth affirmative defense asserts that the plaintiffs' injuries were caused by the plaintiffs' failure to properly use a seat belt.  The eighth affirmative defense asserts that plaintiffs' claims are barred by the doctrine of res judicata.  The ninth affirmative defense asserts

[* 2]

that plaintiffs' claims are barred by the doctrine of collateral estoppel. The tenth affirmative defense asserts that the plaintiffs executed a prior release of all their claims.

On May 10, 2021, plaintiff/counterclaim defendant Angel D. Burgos interposed and filed a reply to the defendants' counterclaim with the KCCO. On February 1, 2024, the plaintiffs filed a note of issue.

The plaintiffs' amended verified complaint alleges the following salient facts. On August 8, 2018, plaintiff Andrea Rivera Vega was a passenger in vehicle bearing New York license plate number HVN6663, that was owned and being operated by her husband, plaintiff Angel D. Burgos. On that date the plaintiffs were traveling on 11th Avenue toward the intersection of 77th Street, Brooklyn, New York. On the same date, time, and place, Pavel S. Yaroslavskiy was operating a school bus bearing New York license plate number 59343BA, with the permission of its owner United Talmudical Academy of Boro Park, Inc. On the same date, time, and place, Yaroslavskiy was traveling on 77th Street toward the intersection of 11th Avenue. The vehicles collided within the intersection of 11th avenue and 77th street (hereinafter the subject accident). The subject accident was caused by Pavel S. Yaroslavskiy's negligent operation of his motor vehicle. The subject accident caused serious physical injury to Andrea Rivera Vega and caused her spouse, Angel D. Burgos, to suffer the loss of her services and consortium.

The defendants verified answer with counterclaims alleges that the subject accident was caused in whole or in part by Angel D. Burgos's negligent operation of his vehicle.

## LAW AND APPLICATION

In support of the motion the plaintiffs submitted, among other things, their respective deposition testimony and the deposition testimony of defendant Yaroslavskiy. All three depositions establish that Yaroslaskiy was traveling on 77th street, a one-way street, toward the intersection of 11th avenue. His direction of travel was controlled by a stop sign. He proceeded passed the stop sign and the front of his bus struck the passenger side of the plaintiffs' vehicle. The plaintiffs were traveling on 11th Avenue, a two-way roadway with no traffic control device in their direction of travel toward 77th Street.

Angel D. Burgos' testified that he and his wife were both wearing their seatbelts and that he did not see the bus before the contact occurred. Andrea Burgos testified that she was a passenger, that her husband was driving, and that she saw the bus approaching the stop sign and continued to pass it without stopping. She further testified that the movement of the bus and the collision was so fast that she did not have time to warn her husband.

"Pursuant to Vehicle and Traffic Law § 1142 (a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (*Cruz v DiSalvo*, 188 AD3d 986, 987 [2d Dept 2020]; *see Shuofang Yang v Sanacore*, 202 AD3d 1120, 1121 [2d Dept 2022]). "Even though the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (*Park v Giunta*, 217 AD3d 661, 662 [2d Dept 2023]).

Page **4** of **6**

[* 4]

Plaintiffs' evidentiary submission made a prima facie showing that the sole proximate cause of the subject accident was the negligence of defendant Yaroslavskiy by entering 11th avenue before it was safe to do so and by failing to yield to the oncoming traffic on 11th Avenue. For the same reason, the affirmative defenses of plaintiff alleging culpable conduct in causing the subject accident are struck.

In opposition, the defendants' sole contention was that Angel D. Burgos must bear some fault for the subject accident by not seeing what was there to see. The defendants made no other arguments in opposition to the motion, including the motion to strike their affirmative defenses. The defendants' opposition did not raise a triable issue of fact.

Andrea Burgos's testimony demonstrates that the collision occurred so fast that she had no time to warn her husband of the oncoming bus. Therefore, Angel D. Burgos's failure to see the bus before the collision occurred did not proximately cause the subject accident.

## CONCLUSION

The motion by plaintiffs Andrea Rivera-Vega and Angel D. Burgos for an order pursuant to CPLR 3212 granting the plaintiffs summary judgment on the issue of liability as against United Talmudical Academy of Boro Park, Inc. and Pavel S. Yarosavskiy is granted.

The motion by plaintiffs Andrea Rivera-Vega and Angel D. Burgos and the cross-motion by Angel D. Burgos seeking an order dismissing the defendants' counterclaim asserted against Angel D. Burgos is granted.

The motion by plaintiffs Andrea Rivera-Vega and Angel D. Burgos for an order dismissing the defendants' first, second, third, and sixth affirmative defenses is granted.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____

J.S.C.

HON. FRANCOIS A. RIVERA

[* 6]