Jones v Xianghong Tang (2025 NY Slip Op 02194)

Jones v Xianghong Tang

2025 NY Slip Op 02194

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2024-02013
 (Index No. 523477/19)

[*1]Barbara Mae Jones, plaintiff-respondent,
v
Xianghong Tang, defendant-respondent, Katrina Shakema Jones, et al., appellants.

Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellants.
Eric H. Green, New York, NY (Zachary S. Green of counsel), for plaintiff-respondent.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Katrina Shakema Jones and Tamara Bauvais appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated November 27, 2023. The order, insofar as appealed from, denied the motion of those defendants for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff was a passenger in a vehicle (hereinafter the host vehicle) operated by the defendant Katrina Shakema Jones and owned by the defendant Tamara Bauvais (hereinafter together the moving defendants) when the host vehicle collided with a vehicle operated by the defendant Xianghong Tang at the intersection of 76th Street and 17th Avenue in Kings County. The host vehicle was traveling in a northerly direction on 17th Avenue, which was not governed by a stop sign at its intersection with 76th Street. The vehicle operated by Xianghong Tang was traveling in an easterly direction on 76th Street, which was governed by a stop sign at its intersection with 17th Avenue. The plaintiff allegedly sustained personal injuries and commenced this action against the defendants. The moving defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, contending that Xianghong Tang's negligence in failing to yield the right-of-way in violation of Vehicle & Traffic Law § 1142(a) was the sole proximate cause of the accident. In an order dated November 27, 2023, the Supreme Court, inter alia, denied that motion. The moving defendants appeal.
"There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427). Hence, "[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "Even though the driver with the [*2]right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Park v Giunta, 217 AD3d 661, 662; see Tornabene v Seickel, 186 AD3d 645, 646). In addition, pursuant to 34 RCNY 4-06(a)(1), "[n]o person shall drive a vehicle at a speed greater than twenty-five miles per hour except where official signs indicate a different maximum speed limit."
Here, the moving defendants failed to establish, prima facie, that Xianghong Tang's negligence was the sole proximate cause of the accident. In support of their motion, the moving defendants submitted, among other things, a transcript of the deposition testimony of Katrina Shakema Jones, who testified that she was traveling approximately 40 miles per hour at the time of the accident and that she did not see Xianghong Tang's vehicle prior to impact. This evidence raised triable issues of fact as to whether the negligence of Katrina Shakema Jones contributed to the happening of the accident (see id.; Roderick v Golden, 230 AD3d 816, 817-818; Shuofang Yang v Sanacore, 202 AD3d 1120, 1121-1122). Accordingly, the Supreme Court properly denied the moving defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, without regard to the sufficiency of the opposition papers.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court