Almonte v First Student, Inc. (2025 NY Slip Op 04450)

Almonte v First Student, Inc.

2025 NY Slip Op 04450

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-10077
 (Index No. 606040/21)

[*1]Maria D. Almonte, et al., appellants, 
v
First Student, Inc., et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Marshall Dennehey Warner Coleman & Goggin, New York, NY (Diane K. Toner of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), dated August 30, 2023. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is denied.
The plaintiffs, Maria D. Almonte and Andre Batista, commenced this action against the defendants, First Student, Inc. (hereinafter First Student), and Donovan Jermane Davis, to recover damages for personal injuries they alleged they sustained in November 2020 in a motor vehicle collision with the defendants' vehicle. According to the plaintiffs, their vehicle, driven by Almonte, in which Batista was a passenger, collided with a vehicle owned by First Student and driven by Davis at an intersection governed by a four-way stop sign in Nassau County.
The defendants moved for summary judgment dismissing the amended complaint on the ground that Almonte was the sole proximate cause of the accident. The plaintiffs opposed. In an order dated August 30, 2023, the Supreme Court granted the defendants' motion. The plaintiffs appeal. We reverse.
A defendant who moves for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the accident (see De Pina v Jerrick Assoc., Inc., 216 AD3d 934, 934).
Here, in moving for summary judgment, the defendants had the burden of establishing, prima facie, that they were not at fault in the happening of the collision (see Ventura v Sturino, 230 AD3d 1378, 1378; Boulos v Lerner-Harrington, 124 AD3d 709, 709). "'There can be more than one proximate cause of an accident'" (Ventura v Sturino, 230 AD3d at 1378, quoting Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889). "'Even though the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws [*2]requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection'" (Ventura v Sturino, 230 AD3d at 1378, quoting Park v Giunta, 217 AD3d 661, 662).
Here, the defendants failed to establish, prima facie, that Almonte was the sole proximate cause of the collision and that Davis exercised reasonable care to avoid the collision with the plaintiffs' vehicle (see id.; M.M.T. v Relyea, 177 AD3d 1013, 1014). A driver with the right-of-way has a duty to use reasonable care to avoid a collision (see Ventura v Sturino, 230 AD3d at 1378; M.M.T. v Relyea, 177 AD3d at 1014). Further, the parties provided differing versions of events and, therefore, there are triable issues of fact as to the proximate cause or proximate causes of the collision that should be determined by the trier of fact (see Gobin v Delgado, 142 AD3d 1134, 1136; Cabrera v Magussen, 130 AD3d 664, 664). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the amended complaint.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court