Greaves v Zerillo (2026 NY Slip Op 00351)

Greaves v Zerillo

2026 NY Slip Op 00351

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-07899
 (Index No. 55583/24)

[*1]Regan Greaves, appellant, 
vJeffery Zerillo, respondent.

Sullivan Law Firm, New York, NY (James A. Domini of counsel), for appellant.
Collins, Fitzpatrick & Schoene, LLP, White Plains, NY (Todd J. Manister of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated July 18, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when his vehicle collided with the defendant's vehicle at an intersection in Westchester County. The plaintiff alleged that at the time of the accident, the defendant was traveling on a road controlled by a stop sign at the subject intersection, while the plaintiff was traveling on an intersecting road that was not controlled by any traffic control device. The plaintiff moved, inter alia, for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence. In an order dated July 18, 2024, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
When a plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence, the plaintiff must establish, prima facie, that he or she was not at fault in causing the accident (see Seizeme v Levy, 208 AD3d 809, 810; Sapienza v Harrison, 191 AD3d 1028, 1029). "Even though the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Park v Giunta, 217 AD3d 661, 662; see Tornabene v Seickel, 186 AD3d 645, 646).
Here, the plaintiff's affidavit failed to provide sufficient details to demonstrate, prima facie, that the plaintiff was not comparatively at fault in causing the accident (see Fischetti v Simonovsky, 227 AD3d 670, 672; Karim v Proline Rental, LLC, 222 AD3d 851, 853). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence without regard to the sufficiency of the defendant's opposition papers regarding this issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court