Ficalora v Almeida (2026 NY Slip Op 00346)

Ficalora v Almeida

2026 NY Slip Op 00346

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-05239
 (Index No. 519419/22)

[*1]Maria Ficalora, appellant, 
vChristopher Almeida, et al., defendants, Anatoliy Chaynoga, et al., respondents.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for appellant.
James F. Butler & Associates, Jericho, NY (Nancy S. Goodman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated January 31, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendants Anatoliy Chaynoga and Veronica Uzabeaga which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Anatoliy Chaynoga and Veronica Uzabeaga which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff was a passenger in a vehicle operated by the defendant Christopher Almeida (hereinafter the host vehicle) when it collided with a vehicle operated by the defendant Anatoliy Chaynoga and owned by the defendant Veronica Uzabeaga at an intersection located in Richmond County. The host vehicle faced a stop sign at this four-way intersection, and the vehicle operated by Chaynoga did not face any traffic control device at this intersection. The plaintiff commenced this action to recover damages for personal injuries against Almeida, Chaynoga, and Uzabeaga, among others. Chaynoga and Uzabeaga moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that Almeida's failure to yield the right-of-way was the sole proximate cause of the accident. The Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
"There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427). Hence, "[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709). "Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987). "As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § [*2]1142(a) and is negligent as a matter of law" (Park v Giunta, 217 AD3d 661, 662 [internal quotation marks omitted]). "Even though the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Ventura v Sturino, 230 AD3d 1378, 1378 [internal quotation marks omitted]; see Tornabene v Seickel, 186 AD3d 645, 646).
Here, the defendants Chaynoga and Uzabeaga failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. In support of their motion, Chaynoga and Uzabeaga submitted the deposition testimony of Almeida, Chaynoga, and the plaintiff. Almeida testified that he brought the host vehicle to a stop at the stop sign, looked both ways, slowly entered the intersection, and was proceeding at approximately seven miles per hour when the collision occurred. He further testified that he was more than halfway across the intersection when the front of the vehicle operated by Chaynoga struck the right rear tire area of the host vehicle. Chaynoga testified that the first time he saw the host vehicle, half of it was in front of him, and his vehicle struck the area between the backdoor and the rear fender of the host vehicle. Under the circumstances, Chaynoga and Uzabeaga failed to demonstrate that Chaynoga was not at fault in causing the accident (see Ventura v Sturino, 230 AD3d at 1379; Tornabene v Seickel, 186 AD3d at 647; M.M.T. v Relyea, 177 AD3d 1013, 1014).
Since Chaynoga and Uzabeaga failed to meet their initial burden as the movants, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them without regard to the sufficiency of the plaintiff's opposition papers.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court